### In the Matter of Pamela R. JULIAN, Respondent.

### No. 82S00–9811–DI–693.

Supreme Court of Indiana.

March 22, 1999.

## ORDER IMPOSING RECIPROCAL DISCIPLINE

This Court, pursuant to Ind.Admission and Discipline Rule 23, Section 28, has ordered the respondent, Pamela R. Julian, to appear and show cause why this Court should not impose identical reciprocal discipline in this state for attorney misconduct committed by the respondent in Texas. The Supreme Court of Texas suspended her from the practice of law for six months, with a period of six months of probation following the active suspension.

The Texas Court found, pursuant to an agreed resolution entered between the respondent and the Texas Grievance Committee, that the respondent engaged in professional misconduct by, *inter alia,* failing to adequately communicate with a client or abide by the client's decisions concerning the representation, by asserting an issue in a proceeding without a nonfrivolous basis for doing so, by failing to disclose to a tribunal controlling authority which she knew to be directly adverse to the position of her client and not disclosed by opposing counsel, and by making a false statement of material fact to a tribunal. *Complaint Against Pamela R. Julian,* No. H0129717268 (Texas, August 24,

1998). Pursuant to Admis.Disc.R. 23(28)(d), a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

The respondent, pursuant to Admis.Disc.R. 23(28)(c), has filed her *Response to Petition for Issuance of an Order to Show Cause* in which she argues that a suspension from the practice of law in Indiana is unwarranted based on the facts in this case. Pursuant to Admis.Disc.R. 23(28)(c), a respondent may challenge the imposition of identical reciprocal discipline by demonstrating that imposition of the same discipline in this state is unwarranted. We find that the respondent has failed to demonstrate why identical reciprocal discipline should not issue in this state.

Accordingly, this Court orders that the respondent, Pamela R. Julian, be suspended from the practice of law for a period of not less than six (6) months, beginning April 26, 1999. After the expiration of that period, she will be eligible to petition this Court for reinstatement to the bar of this state provided she demonstrates compliance with the conditions contained in Admis.Disc.R. 23(4). As a further condition of reinstatement, the respondent must demonstrate that she adequately disclosed to the Indiana State Board of Law Examiners the Texas disciplinary matter during her application for admission to the practice of law in this state upon foreign license.

The Clerk is directed to send a copy of this order to the respondent or her attorney and to the Indiana Supreme Court Disciplinary Commission.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

All Justices concur.